Snow Hill Coal Corporation v. Commissioner.
Snow Hill Coal Corp. v. Commissioner
Docket No. 108950.
United States Tax Court
1943 Tax Ct. Memo LEXIS 23; 2 T.C.M. (CCH) 1100; T.C.M. (RIA) 43514; December 17, 1943
*23 Wm. H. Cooke, Esq., for the petitioner. Edw. C. Adams, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion The Commissioner determined deficiencies in petitioner's income tax for the taxable years 1936 and 1937 in the respective amounts of $8,208.61 and $18,124.91. Only that part of the deficiencies determined is now at issue which results from the respondent's disallowance of a deduction claimed by petitioner in 1937 for percentage depletion in an amount of $2,700.06. The question presented is whether petitioner properly elected to take percentage depletion as to coal mined from certain property leased by it in 1937. Findings of Fact Petitioner is an Indiana corporation operating coal mines in Vigo County, Indiana, with its principal office in Indianapolis, and filed its corporate income tax return for 1937 with the collector of internal revenue at Indianapolis, Indiana. In 1934, petitioner began the operation of mining coal under a lease from the Talley Coal Mining Company, on a tract of land in Vigo County consisting of approximately 2,208 acres, and such operations have continued since that time. In 1937, petitioner entered into an oral lease with Walter *24 Bledsoe and William J. Freeman for a track of land, approximately 350 acres in size, known as the Fayette Realty & Development Tract. A royalty of 3 cents per ton was to be paid on the coal mined from this property; and from the operations thereon, which began in May or June, 1937, 32,401.5 tons of coal were mined during the remaining months of that year. To petitioner's income tax return for 1936, two years after the first operations under the Talley lease, and the year preceding the acquisition of the Fayette lease, the petitioner appended the following statement: Taxpayer now elects to have the depletion allowance for such property for the taxable year 1936 computed with regard to percentage depletion of it as provided in Section 114 of the Revenue Act of 1936, in accordance with Regulation 942.23 promulgated in accordance with said Act and all applicable sections of the Revenue Act of 1936. Attached to the same return was a substantial repetition of that statement with the following added sentence: Taxpayer now elects to deplete its mining property upon the basis of five per centum for the taxable year 1936 and all subsequent taxable years. In its tax return for 1937, no *25 statement was made concerning any election, but petitioner computed its depletion on a percentage basis and took the percentage depletion deduction with respect to both properties. Opinion KERN, Judge: Petitioner makes no contention that its statement of election attached to its 1936 return was effective as applied to the Talley lease, and no such contention could be validly advanced since the 1936 return was not its first return with respect to that property. It contends, however, that the 1936 election is applicable to the Fayette lease, acquired in 1937, and that, in any event, its computation of its depletion deduction on the percentage basis in its 1937 return which was the first return of the income from that lease, constitutes an adequate election. The language of the statute and the regulations is sufficient authority for the denial of petitioner's claim. Section 114 (b) (4) states in part: * * * A taxpayer making his first return under this title in respect of a property shall state whether he elects to have the depletion allowance for such property for the taxable year for which the return is made computed with or without regard to percentage depletion, and the depletion *26 allowance in respect of such property for such year shall be computed according to the election thus made. If the taxpayer fails to make such statement in the return, the depletion allowance for such property for such year shall be computed without reference to percentage depletion. * * * Clearly, the statute comprehends both the making of a statement of an election, and the computation of the depletion allowance in accordance with that election, in the first return. This requirement precludes the possibility of applying the attempted election of 1936 to the after-acquired lease of 1937, which is admittedly a separate property. Article 23 (m) 5 of Regulations 94 contains the following applicable language: * * * a taxpayer making his first return * * * in respect of a property must state as to each such property whether it elects to have the depletion allowance for each such property for the taxable year computed with or without reference to percentage depletion * * *. It is too well settled to require extensive discussion or citation of authority that deductions and credits are matters of legislative grace, and not of right, and that a taxpayer in order to avail himself of their *27 benefits, must comply strictly and fully with the requirements of the statute granting them. ; ; . As Mr. Justice Douglas expressed the rule with application to the allowance of percentage depletion deductions in . That opportunity was afforded as a matter of legislative grace; the election had to be made in the manner and in the time prescribed by Congress. The offer was liberal. But the method of its acceptance was restricted. Petitioner attributes its failure to attach a statement of election to its 1937 return partly to the fact that it intended its 1936 election to apply to after-acquired property, and partly to the fact that no space was provided for the statement in the form of return furnished for its use by respondent. In view of the fact that the advantages of percentage depletion are available to only a very limited group of the taxpayers who use the form, *28 we question the validity of that criticism. The requirements of the statute are clearly expressed and that petitioner was aware of their existence is evidenced by the fact that it did attach such a statement to its 1936 return, which was equally barren of special accommodations therefor. We cannot hold that respondent's failure to have provided space on the return for the election had the effect, under the circumstances, of laying a "trap" for petitioner. Petitioner feels that its act of computing its depletion deduction on the percentage basis in 1937 constituted an effective election as to the Fayette lease. But that argument would apply equally to the Talley lease, since the 1937 return included the income from the Talley lease, and the computation thus applied to it. Yet petitioner makes no contention that it is entitled to use the percentage basis for the Talley lease. Obviously it is not so entitled because of its failure to make a timely election. Similarly, we think petitioner's failure to have stated any effective election at all as to the Fayette lease deprives it of the statutory benefit as to that property, as well. Petitioner has not met the statutory requirements with *29 respect to the deduction in question, and it was therefore properly disallowed. Decision will be entered for respondent.